**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

ROMIAH REMY and KEVIN WILLIAMS,   )
                                  )
         Plaintiffs,              )
                                  )   CIVIL NO. 2005/72
vs.                               )
                                  )
KMART CORPORATION,                )
                                  )
         Defendant.               )
_____)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant, Kmart Corporation's ("Kmart" or "Defendant"), Motion for Leave to File a Third-Party Complaint.

The above-captioned action arose from an incident that occurred at Kmart's Tutu Park Mall store on or about August 29, 2003 ("the incident"). Plaintiffs allege that Mr. James R. Dowe,[1] in the course and scope of his employment at Kmart, gun butted, shot and threatened to kill them. Kmart, on the other hand, alleges that Mr. Dowe, in response to Plaintiffs conduct in the store, identified himself as a police officer, escorted the Plaintiffs out of the store, attempted to arrest them and that an altercation between the Plaintiffs and Mr. Dowe occurred wherein Mr. Dowe shot at the Plaintiffs. Kmart alleges Mr. Dowe was acting in his capacity of a police officer during the course of

---

[1] At this time, Mr. Dowe was also employed as a police officer with the Virgin Islands Police Department.

Remy, et al. v. Kmart
Civil No. 2005-172
Memorandum and Order
Page 2 of 5

the incident and not within the scope of his employment with Kmart.

As a result of the incident, criminal charges were filed against the Plaintiffs. On May 17, 2004, James Dowe, executed a Release forever discharging and releasing any claims arising out of the incident that he may have had against the Plaintiffs. On May 21, 2004, Kevin Williams and Romiah Remy executed Releases forever discharging and releasing any and all claims arising out of the incident that they may have had against James Dowe, individually and in his official capacity; the Virgin Islands Police Department; the Government of the Virgin Islands ("Government") and the Office of the Attorney General.

On April 19, 2005, the Plaintiffs filed this action against K-Mart for damages. On May 27, 2005, Richard Farrelly, Esq., of Birch de Jongh & Hindels entered an appearance on behalf of Kmart and filed an answer on June 30, 2005. On February 10, 2006, Kmart filed this instant motion seeking leave to file a third-party complaint for contribution and/or indemnity against the Government.

## DISCUSSION

Defendant seeks to bring a third-party action against the Government of the Virgin Islands for contribution and/or indemnification for the alleged tortious conduct of James Dowe.

Remy, et al. v. Kmart
Civil No. 2005-172
Memorandum and Order
Page 3 of 5

As such, the action must be in compliance with the requirements of the Virgin Islands Tort Claim Act, specifically title 33 V.I.C. section 3409(c).[2] Kmart concedes that it did not comply with the requirements of title 33 Virgin Islands Code, section 3409(c) in that it did not file its claim nor did it file a written notice of intention to file a claim with ninety days of August 29, 2003. However, Defendant asserts that its third-party complaint is not time barred because actions for contribution are derivative and accrue from the date of judgment or satisfaction of the judgment. Generally, this assertion is correct. A cause of action for contribution does not arise until full payment has been made by the tortfeasor seeking contribution. *Beloit Power Systems, Inc. V. Hess Oil Virgin Islands Corporation*, 19 V.I. 519, 531 (D.C. 1983). However, in expressly overruling *Dublin v. V.I. Tel. Corp.* 15 V.I. 214 (Terr. Ct. 1978), the then Territorial Court of the Virgin Islands in *Martinez v. Frazer*, 23 V.I. 53, 58 (Terr. Ct. 1987), held that "where the underlying basic in an action for contribution is governmental tortious

---

[2] (c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee for the Government of the United States Virgin Islands while acting as such an employee or officer, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claims.

Remy, et al. v. Kmart
Civil No. 2005-172
Memorandum and Order
Page 4 of 5

conduct, the date of accrual of that cause of action is the date of occurrence of the tort." Thus, in applying the holding of *Martinez* here, the statue of limitation on Defendant's action for contribution against the Government commenced on August 29, 2003 and Kmart's action for contribution became time barred on or about August 29, 2005.[3] Kmart's motion to file its third-party complaint for contribution/indemnification was file February 6, 2006 and is thus, time barred.

Kmart contends, in the alternative, that the ninety day filing requirement of title 33 V.I.C. section 3409(c) is not applicable here because the Plaintiffs executed releases vis-a-vis the Government and, as such, Kmart "may proceed against the 'empty chairs' of . . . the Government, and have the fact finder consider the . . . Government's liability herein and apportion liability as appropriate." Kmart further contends that "if the [C]ourt agrees with this position, Kmart will respectfully withdraw its Motion for Leave to File a Third-Party Complaint." (Defendant's Reply, page 4). The court takes no position regarding how Kmart's may proceed against the Government in light of the releases executed by the Plaintiffs vis-a-vis the

---

[3] The court has subject-matter jurisdiction based on diversity of citizenship. As such, this court is required to apply the substantive law of the Virgin Islands. <u>Sineise v. Texaco Caribbean, Inc.</u>, 38 V.I. 368 (D.C. 1998).

Remy, et al. v. Kmart
Civil No. 2005-172
Memorandum and Order
Page 5 of 5

Government.  The defendant may pursue its legal remedies consistent with the law of this jurisdiction and the current posture of the case.

    For the foregoing reasons, Defendant's Motion to File a Third-party Complaint is **DENIED**.

DATED: May 23, 2008    /s_____
                                    GEOFFREY W. BARNARD
                                    U.S. Magistrate Judge

**ATTEST:**
**WILFREDO F. MORALES**
**CLERK OF THE COURT**