**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

```
ROMIAH REMY and KEVIN WILLIAMS,    )
                                   )
        Plaintiffs,                )
                                   )   CIVIL NO. 2005/72
vs.                                )
                                   )
KMART CORPORATION,                 )
                                   )
        Defendant.                 )
_____)
```

**MEMORANDUM AND ORDER**

By Order dated May 23, 2008, this court ruled on KMart's Motion to File a Third-party Complaint as it related to the Kmart's Motion to File a Third-Party complaint against Government of the Virgin Islands; however, it did not rule on KMart's Motion as it related to James R. Dowe.  On June 6, 2008, KMart filed a Motion for Clarification or, in the Alternative, for Reconsideration.  In this Order, the court will address KMart's Motion to File a Third-party complaint against James Dowe, in his individual capacity.

The facts were set forth in this court's May 23, 2008, Memorandum and Order.  However, most relevant to this particular aspect of the Motion to File a Third-party Complaint is the fact that on May 17, 2004, James Dowe, executed a Release forever discharging and releasing any claims arising out of the incident that he may have had against the Plaintiffs and on May 21, 2004, Kevin Williams and Romiah Remy executed Releases forever

Remy, et al. v. Kmart
Civil No. 2005-172
Memorandum and Order
Page 2 of 3

discharging and releasing any and all claims against James Dowe both in his individual and in his official capacity as a police officer of the Virgin Islands Police Department arising out of the incident.

### DISCUSSION

In this jurisdiction, an action for contribution may not be maintained against a tortfeasor who has settled with the plaintiff. *Gomes v. Brodhurst*, 394 F.2d 465, 468 (3d Cir. 1968); *Manbodh v. Hess Oil Virgin Islands Corp.*, 47 V.I. 375, 393, 394 (Sup. Ct. 2006). Nor can an action for common law indemnification be maintained where both parties are actively negligent. *Manbodh* at 393-394. Here, KMart seeks to amend the complaint to bring a third-party action against James Dowe in his individual capacity for contribution and/or indemnification for his alleged tortious conduct. However, the Plaintiffs and Dowe each executed releases releasing each other for any claims they may have had against the other as evidenced by the releases executed by the Plaintiffs and Dowe. The Plaintiffs releases were executed against Dowe in his individual and official capacity. Based on Plaintiffs' executed releases, Dowe is considered to have settled with the Plaintiffs. Accordingly, based on *Gomes* and *Manbodh*, an action for contribution may not be maintained against Dowe as he has settled with the plaintiff and an action for common law indemnification

Remy, et al. v. Kmart
Civil No. 2005-172
Memorandum and Order
Page 3 of 3

may only be properly maintained after the respective fault of the parties has been determined.  Kmart may proceed with the trial consistent with the law in this jurisdiction.

    For the forgoing reasons, Kmart's Motion to File a Third-party Complaint against James Dowe in his individual capacity is **DENIED** and the Motion for Reconsideration is **DENIED.**

DATED: July 29, 2008        s\_____
                                     GEOFFREY W. BARNARD
                                     U.S. Magistrate Judge

**ATTEST:**
**WILFREDO F. MORALES**
**CLERK OF THE COURT**